IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| BURTON M. KAHN | § | |
| | § | |
| Appellant | § | |
| | § | |
| v. | § | No. SA-14-CA-1109 |
| | § | |
| HELVETIA ASSET RECOVERY, INC. | § | |
| | § | |
| | § | |
| Appellee | § | |
| | § | |

### MEMORANDUM OPINION

This is an appeal from an order of the United States Bankruptcy Court for the Western District of Texas authorizing a sale of property by the Trustee. This Court has appellate jurisdiction under 28 U.S.C. § 158(a). The pro se Appellant, Burton M. Kahn, is the Debtor in the underlying bankruptcy proceeding filed under Chapter 7 of the Bankruptcy Code. The Appellee is Helvetia Asset Recovery, Inc., a creditor. In reviewing a final order of a bankruptcy judge, this Court functions as an appellate court, applying the standard of review generally applied in federal courts of appeal. **Webb v. Reserve Life Insurance Company**, 954 F.2d 1102 (5th Cir. 1992). The bankruptcy court's findings of fact are reviewed for clear error, and its conclusions of law are reviewed *de novo*. **In re Morrison**, 555 F.3d 473, 479 (5th Cir. 2009).

The following facts are established by the record: On April

14,2014, Appellant Burton Kahn ("the Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code . Appellee Helvetia Asset Recovery Inc., ("Helvetia"), an unsecured creditor, filed a notice of claim in the amount of $1,996,128.00.

On August 29, 2014, the Chapter 7 Trustee, Johnny Thomas, requested the Bankruptcy Court to authorize him to sell all the Debtors non-exempt assets, claims, and causes of action to Helvetia for $10,000.00. The Appellant objected to the proposed sale, contending that the sale price of $10,000.00 was inadequate, because the assets in question were worth millions. On October 17, 2014, after notice and hearing, the Bankruptcy Court entered an order authorizing the sale as being in the best interest of the bankruptcy estate. The Bankruptcy Court further found that the Appellant lacked standing to object to the proposed sale because the value of his interest in the assets did not exceed the debts in the estate. Pursuant to the order of the Bankruptcy Court, the Trustee proceeded to effectuate the sale of the assets to Appellee Helvetia.

The Bankruptcy Court did not err in ruling that Kahn lacked standing to object to the sale of assets by the Trustee. A Chapter 7 Debtor, such as Kahn, has standing to object to a sale of the assets of the estate only if there could be a surplus after all creditors' claims are paid. **60 East 80th Street Equities Inc. v Sapir**, 218 F.3d 109, 115 (2d Cir. 2000). The Court's finding that Kahn failed to establish the existence of value in excess of the

debts of the estate was not clearly erroneous, and it should be affirmed.

Appellant Kahn seeks to expand his appeal by asserting claims outside its scope. For example, he denies that he is collaterally estopped from relitigating adverse state court judgments on grounds that they are on appeal, and he claims that Helvetia is not authorized to maintain a lawsuit in Texas because it is owned and controlled by a foreign entity called Puerto Verde Ltd. The Court expresses no opinion as to the merits of these claims, but finds that they are more properly addressed in an adversary proceeding. The only issue before the Court in this appeal is the order of Judge Gargotta approving the sale of nonexempt assets by the Trustee.

It is therefore ORDERED that the order of Judge Gargotta dated October 17, 2014 authorizing the sale of nonexempt assets be, and it is hereby, AFFIRMED.

SIGNED AND ENTERED this 24th day of December, 2015.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE